WILLIAM G. SHATTUCK and others, appellants from the decision of the County Commissioners.

York. Opinion May 17, 1884.

*Ways. Elliot Bridge Company.*

The charter of the Elliot Bridge Company, (private laws 1879, c. 128,) contains in section 6 a provision in these words : "Provided no way shall at any time hereafter be located, or existing way altered, leading from said bridge

toward York beach, in the town of South Berwick, which shall be for the necessary convenience of said company, unless the entire cost and expense of building and maintaining such new way, or altering such way, shall be defrayed by said company during the continuance and maintenance of said toll bridge." A petition was presented to the county commissioners asking that the road contemplated in that provision of the charter "be widened, straightened, and in some places to be new located." This petition was refused by the commissioners, and the committee appointed on appeal reported "that as the common convenience and necessity require the location as prayed for in the original petition, the judgment of said commissioners on the aforesaid petition should be in the whole reversed." On report to the law court to give such direction to the case as the law requires : *Held*, that the report be recommitted to the committee with instructions, after notice to the bridge company and hearing, to determine either (1) that the way would not be of common convenience and necessity, and thereby affirm the doings of the commissioners ; or (2) that it would be of such convenience and necessity, and, in that case, the bridge company would be relieved from all obligations of building or repairing the way ; or (3) that the way would be of common convenience and necessity, because of its convenience and necessity to the bridge company, and not otherwise. In the latter case, the road-alteration can be established only upon some provision that will impose the expenses of constructing and repairing upon the company.

ON REPORT.

The case and material facts appear in the head note and opinion.

The case has once before been considered by the law court and is reported in 73 Maine, 318.

*R. P. Tapley*, for the appellants.

*George C. Yeaton*, for the appellees.

The whole issue (all issues) must be determined by the court of original jurisdiction in the first instance, to furnish sufficient foundation for an appeal, and until such court renders a final judgment, the jurisdiction of the appellate court cannot attach. Freem. on Judg. c. 1, § § 20, 33, 34, 36 ; Powell on App. Proc. c. 1, § 30 ; c. 9, § § 9, 16, and cases cited *in notis*.

Inasmuch; then, as the report of the committee, which is an arm of the appellate court, cannot legally first find issue (2), their report cannot be recommitted ; its acceptance, as it is, the court has already refused ; there is no other course for this court to pursue, in relation to it, than to reject it ; and it seemed

to follow, equally inevitably, that the apppeal itself should be dismissed as irregularly, because prematurely taken, and hence the whole case, in this court, *coram non judice.* *Craighead* v. *Wilson,* 18 How. 199 ; *Mordecai* v. *Lindsay,* 19 How. 199.

WAITE, C. J., in *Crosby* v. *Buchanan,* 23 Wall. 420, 453, says : "Cases cannot be brought to this court upon appeal in parcels. We must have the whole of a case or none," etc. *Green* v. *Fisk,* 103, U. S. 518 ; *vide* also *Norton* v. *Hood,* 12 Fed. Rep. 763 (C. C. E. D. La. May, 1882), and cases cited in reporter's note.

If the merits of the controversy as to all the parties be disposed of, then the judgment is final and may be appealed from. *Martin* v. *Crow,* 28 Tex. 614. See also a well-considered late case in same State, *Linn* v. *Arambould,* 55 Tex. 611.

"Clearly . . . the finding should dispose of all material issues . . . or the judgment is erroneous." *Wisc. River Lumber Company* v. *Plumer,* 49 Wis. 666.

*Bently* v. *Jones,* 4 How. Pr. R. 335, holds directly that an appeal taken "before the final determination of all the issues in in the suit" should be dismissed. In *Colcord* v. *Fletcher,* 50 Maine, 398, the court declares the invalidity of an award, not making "final disposition of the matters referred" to result from its analogy to a judgment, and cites to like effect : *Lincoln* v. *Whittenton Mills,* 12 Met. 31, *Boyce* v. *Wheeler,* 133 Mass. 554 ; *Elliot* v. *Elliot,* 133 Mass. 555.

Somewhere before a final judgment the Elliot Bridge Company must become a party, and to bring in a new party is always the province of courts of original jurisdiction, and never of courts of appellate jurisdiction. *Shattuck, appl't,* 73 Maine, 318.

PETERS, C. J. The following facts appear, either expressly or by implication, in the case : In 1879 certain persons besought the legislature to be incorporated as the Elliot Bridge Company, with the right to erect a toll-bridge over the river which is the boundary line, at South Berwick, between Maine and New Hampshire. The inhabitants of South Berwick opposed the

granting of the charter, evidently upon the ground that, if the bridge should be built, it might impose a burden upon that town of constructing a new road, or reconstructing an old one, from the bridge through their town to or towards York Beach. In order to appease South Berwick's opposition to the charter, the petitioners to the legislature assented, by way of compromise, to annex to the charter prayed for the following condition, viz : "Provided no way shall, at any time hereafter, be located, or existing way altered, leading from said bridge towards York Beach, within the town of South Berwick, *which shall be for the necessary convenience of said company*, unless the entire cost and expense of building and maintaining such new way, or altering such way, shall be defrayed by said company during the continuance and maintenance of said toll-bridge." The charter obtained and the bridge built, a petition goes to the county commissioners for the very alteration of the road contemplated by the movers of the above proviso. The commissioners refused alteration ; and a committee, appointed upon an appeal to this court, recommend and allow the alteration asked for. The report of the committee is held in abeyance because, among other reasons, the bridge company had no notice to be heard before the commissioners or committee. The case is reported to us for such action as will best preserve the rights of all parties.

Supposing the petition to be sent back either to the commissioners or the committee, the first question would be, we think, to decide whether the new road is or not required by common convenience and necessity, irrespective of its necessity and convenience to the bridge company. In other words, is the new road demanded for the convenience and necessities of the general public, excluding the company, its convenience and necessities, its wants or advantages, wholly from the calculation. If so, then the road should be laid out for and be built by the public. In deciding this question, the position of things is not to be considered as if no bridge were there. But the bridge being there, and the public using it, is the general community—not including the bridge company as any part thereof—to be accommodated by the proposed alteration of road, to such an extent as to make

the new road a public convenience and necessity. The legislature could not have intended to take from the public their right of having a new road located. But it did intend that if the general public did not need the road, they should not be taxed to build one for the benefit merely of the bridge company. And the community should not be deprived of the road, if of public convenience and necessity to them, although it would at the same time be of advantage also to the company.

If, however, the new way is not demanded for the convenience and necessities of the general public, excluding the wants and interests of the bridge company wholly from the calculation, then is the way demanded by such convenience and necessity, by including their wants and interests in the calculation. If so, then the road will be of common convenience and necessity, within the meaning of the act of incorporation, only or mainly because of its "necessary convenience" to the company. And, in such case, the company should bear the expense of building and maintaining the road.

In this view of the matter, we think the report should be recommitted to the committee, with special instruction. There is no occasion to go back of the committee to the commissioners. They have already decided against the road, and the question now is whether their decision shall be sustained or reversed.

The committee must determine either, (1), that the way *would not* be of common convenience and necessity, and thereby affirm the doings of the commissioners; or, (2), that it *would* be of such convenience and necessity, and in that case, the bridge company would be relieved from all obligations of building or repairing the way; or (3), that the way would be of common convenience and necessity because of its convenience and necessity to the bridge company, and not otherwise. In the latter case, the road-alteration can be established only upon some provision that will impose the expenses of constructing and repairing it upon the company.

Here, then, comes an embarrassing question. How can the bridge company, if the road be laid out for their benefit, be made responsible for the expenses? We can see but one practica-

ble way. The committee's report may be conditional. The court at *nisi prius* can refuse to accept the same, or to allow it to become operative, until the company shall first pay or secure to the town of South Berwick a sum of money, which shall be determined by the court to be. a fair indemnity for the town against its liabilities on account of the laying out in that town, during the continuance and maintenance of the bridge; or the court may accept an indemnity for the town in other form, if assented to by the parties, or if deemed feasible by the court. While the settlement of that question would be largely left to the discretion of the sitting judge, the compensation or indemnity should precede the acceptance of the report. The machinery for laying out, making and repairing the way belongs to the state, and cannot be delegated to the company. The company should be notified to be present at the hearing of parties.

It will be seen, at a glance, that the statutory condition annexed to the act incorporating the bridge company, is an impracticable and awkward amendment. It should be considered whether it does not need legislative correction.

*Report recommitted.*

WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.